UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARECIO EATMON,

        Petitioner,

                                                   CASE NO. 2:08-13121
v.                                 JUDGE LAWRENCE P. ZATKOFF
                                                   MAGISTRATE JUDGE PAUL KOMIVES

THOMAS BELL,

        Respondent.
_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR STAY AND ABEYANCE (docket #18)

I.      RECOMMENDATION: The Court should grant petitioner's motion to hold his habeas application in abeyance and stay the proceedings while petitioner exhausts his state court remedies.

II.     REPORT:

A.     *Procedural Background*

Petitioner Karecio Eatmon is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan. On July 21, 2008, petitioner filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 plea-based state court convictions for assault with intent to commit murder and various firearms offenses. Following his convictions, petitioner filed applications for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court, claiming that his plea was involuntary and that he was denied effective assistance of counsel. Both courts denied petitioner's applications for leave to appeal. On July 21, 2008, as noted, petitioner filed an application for the writ of habeas corpus, contending that his trial counsel was ineffective in various respects, he was not advised of various rights he was waiving by entering his plea, and his appellate counsel was ineffective. The Court

summarily dismissed the petition without prejudice on August 6, 2008, finding that some of petitioner's claims were unexhausted. After petitioner completed post-conviction proceedings with respect to his unexhausted claims in state court, he filed a motion to reopen his habeas corpus action, which the Court granted on March 17, 2011. Respondent filed his answer on August 9, 2011.

The matter is currently before the Court on plaintiff's motion to stay proceedings filed on February 27, 2012. In his motion, petitioner asserts that his plea was entered as a result of the failure of his alibi witnesses to attend the scheduled trial date, and the evidence against him, which consisted of (a) the testimony of the victim, and (b) a Detroit Crime Lab ballistics report matching the casing found in the victim's car to a gun found in petitioner's home. Petitioner asserts that the Detroit Crime Lab was closed in 2008 based on a Michigan State Police audit, and that following this closure the ballistics evidence in his case was retested. On November 17, 2011, an attorney from the State Appellate Defender Office informed petitioner that the Michigan State Police Forensic Science Division had retested the ballistics evidence, and concluded that the casing found in the victim's car had not been fired by the gun recovered from petitioner's home. Petitioner seeks a stay of his habeas action so that he may pursue this newly discovered evidence, and any claims arising from the evidence, in state court.

B.   *Analysis*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court

approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*. Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Petitioner filed his application for stay shortly after being informed of the new test results, and petitioner could not have pursued any claims relating to this evidence before it was generated by the Michigan State Police. Further, the unavailability of this evidence constitutes "good cause" for a stay. *See United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008); *Ortiz v. Barkley*, 489 F. Supp. 2d 369, 371 (S.D.N.Y. 2007).

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust any additional claims arising from the newly discovered evidence. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in

AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process.

C.     *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion to hold his habeas application in abeyance. Specifically, the Court should grant petitioner's request for a stay, conditioned on petitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Paul J. Komives  
                                            PAUL J. KOMIVES  
                                            UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2012

I hereby certify that a copy of the foregoing document was sent to parties of record on March 7, 2012 by electronic and U.S. mail.

                                            s/Michael Williams  
                                            Relief Case Manager for the Honorable  
                                            Paul J. Komives